UNITED STATES DISTRICT COURT
SOUHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
JUNIOR GOLDING,

                                          Plaintiff,

                                                                               **15-CV-03498 (ALC) (SN)**

      -against-

THE CITY OF NEW YORK,
P.O. JODY MITCHELL, Shield No. 22280,
Individually and in her Official Capacity,
and Police Officers "JOHN DOE" 1-2,
Individually and in their Official Capacities,
the names "JOHN DOE" being fictitious
as the true names are not presently known,

                                        Defendants.
--------------------------------------------------------------------------------X


## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
## HIS MOTION FOR SANCTIONS AND ATTORNEYS FEES


                                      JESSICA MASSIMI (JM – 2920)
                                      Law Offices of Michael S. Lamonsoff, PLLC
                                      *Attorneys for the Plaintiff*
                                      Financial Square at 32 Old Slip
                                      New York, New York 10005
                                      (212) 962-1020

## PRELIMINARY STATEMENT

Plaintiff respectfully submits this motion for fees pursuant to the Court's August 17, 2016 Order (ECF No. 44).  For the reasons articulated herein and in the accompanying Declaration of Jessica Massimi ("Massimi Dec."), the Plaintiff respectfully requests that the Court award counsel fees in the amount of $8,137.50.   This figure is based upon attorney's fees incurred by Ms. Massimi (1) opposing Defendants' August 11, 2016 motion for reconsideration (13 hours); (2) opposing Defendants' August 22, 2016, motion for a stay (1.5 hours); and (3) submitting this fee motion (8.75 hours), for a total of 23.25 hours.  The Plaintiff requests that this Court award counsel an hourly rate of $350.00.   Counsel's time sheet containing a record of her contemporaneous time expended in this matter is attached as Exhibit 1.[1]

## FACTS AND RELEVANT PROCEDURAL HISTORY

Plaintiff respectfully submits that sanctions should be issued against the Defendants in this matter for their (1) filing of a meritless and vexatious motion for reconsideration (ECF. No. 39), and (2) blatant disregard of this Court's Orders made at the June 30, 2016 hearing (Hearing Transcript, ECF No. 30 at Ex. 1), where the Court ordered the Defendants to provide specific information about the anticipated testimony of Officer Timothy Kessler.

Far from neglectful or apathetic, the Defendants' conduct with regard to the issue of expert disclosures has been intentionally, proactively, and strategically designed to disclose an expert witness masquerading as a lay witness.  Indeed, the Defendants persisted in this objective: Defendants disclosed Officer Kessler as a fact witness in a list of eight additional fact witnesses on the deadline for expert disclosures (ECF No. 21 at Ex. 2, pages 1 and 2); explicitly cancelled

---

[1] The Plaintiff has referenced in this memorandum of law several documents which are already contained in the Docket for this case.  Plaintiff has cited in this memorandum of law where those documents are located in the Docket, but, to avoid duplication, has not included them as attachments to this memorandum.  Plaintiff can readily provide these items to the Court as Exhibits if the Court prefers.

the date Plaintiff had reserved to depose the Defendants' expert, stating in writing that Defendants were not disclosing an expert (ECF No. 42 at Ex. 1); ignored Plaintiff's request for more information regarding the anticipated testimony of Officer Kessler; and disregarded a clear Order of this Court that they provide more information about the anticipated testimony of Officer Kessler (Hearing Transcript, ECF No. 30 at Ex. 1, pages 12-13).

The Court has noted on the record and in an Order several times over the course of the last couple of months that the Defendants have not been litigating this case in a diligent manner. For example, the Court noted at the June 30, 2016 conference, the following with regard to the City's disclosure of Officer Kessler: "This seems very unprofessional. I mean, the Law Department is the third largest legal entity in the city. You all know how to try a case. I don't understand what you are doing here." (Hearing Transcript, ECF No. 30 at Ex. 1, page 9, lines 19-22). Despite, these admonitions, the Defendants persisted in taking the strategic position that Officer Kessler was a "rebuttal fact witness."

Additionally, in its July 28, 2016 Order, the Court took note of the following: "[D]efense counsel unjustifiably canceled the [Plaintiff's expert's] deposition with one business day's notice.  On June 30, 2016, the Court cautioned the parties to work diligently to accommodate the expert's schedule, but the defendants waited three weeks, until July 21, 2016 to make their first attempt to schedule the deposition. This lack of diligence will not be rewarded with an additional discovery extension."  (ECF No. 33, page 4). In this same Order, the Court also denied the Defendants' late request for a fact discovery extension to depose two non-party witnesses because the defendants "did not timely request an extension and have not shown good cause for their lack of diligence."  Id.   The Court also precluded the Defendants from offering Officer Kessler as a witness as trial.  Id.

Thereafter, on August 11, 2016 the Defendants inexplicably moved for Reconsideration of that Order. In so doing, the Defendants cited to no new or overlooked evidence or law but requested – for the first time – that Officer Kessler, after all, be considered as an expert, though the deadline for expert disclosures had come and gone on June 10, 2016, nearly two months prior. (ECF No. 39). The Plaintiff was forced to oppose this frivolous motion. (ECF No. 42).

Plaintiff attempted in good faith to resolve the issue of fees related to this instant request, but no substantive response was forthcoming from the Defendants. (Massimi Dec. at ¶¶ 19-20).

## APPLICABLE LEGAL STANDARDS

### I.  SANCTIONS PURSUANT TO 28 U.S.C. § 1927 ARE APPROPRIATE IN THIS CASE

28 U.S.C. § 1927 authorizes the imposition of sanctions when there is a finding of conduct constituting or akin to bad faith. Davey v. Dolan, 292 F. App'x 127, 128 (2d Cir. 2008) (internal quotation marks omitted). Bad faith may be inferred from the clear meritlessness of a motion. In re 60 E. 80th St. Equities, Inc., 218 F.3d 109, 117 (2d Cir. 2000); In re Emergency Beacon Corp., 790 F.2d 285, 288 (2d Cir.1986) (a Court may impose sanctions under 28 U.S.C. § 1927 for the filing of a frivolous motion); Davey v. Dolan, 292 F. App'x 127, 128 (2d Cir. 2008) (ordering plaintiff to show cause within 20 days why he should not be sanctioned under 28 U.S.C. § 1927 for filing a frivolous appeal in bad faith); Chang v. NEO Sushi Studio Inc., No. 12 CIV. 4505 (KBF), 2014 WL 11485936, at *1 (S.D.N.Y. Apr. 18, 2014) (upholding 28 U.S.C. § 1927 sanctions against the plaintiff who filed a motion to alter the Court's judgment, but failed to meet the standard for reconsideration); Wynder v. McMahon, No. 99 CIV. 0772, 2012 WL 1514834, at *1 (E.D.N.Y. May 1, 2012), aff'd, 565 F. App'x 11 (2d Cir. 2014) (awarding sanctions pursuant to 28 U.S.C. § 1927 against the plaintiff where "plaintiff's motion for reconsideration failed to address the matter at issue, raised unripe and frivolous arguments, and

was prepared without regard for the rules."). This Circuit has noted that the purpose of sanctions is to prevent lawyers from becoming "emboldened to make improper submissions on behalf of clients, confident that their misconduct will either be undetected or dealt with too leniently to matter." In re Pennie & Edmonds LLP, 323 F.3d 86, 90–91 (2d Cir.2003). Plaintiff respectfully submits that the Defendants' August 11, 2016 motion for reconsideration was plainly improper and yet another strategic decision – in a list of several – made by the Defendants to delay this litigation and to gain an improper advantage.

## II. THE DEFENDANTS' PLAINLY DID NOT MEET THE STANDARD FOR RECONSIDERATION

The Defendants fell woefully short of meeting the standard justifying reconsideration of this Court's July 28, 2016 Order. Reconsideration of a previous Order by the Court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Secs. Litig., 113 F.Supp.2d 613, 614 (S.D.N.Y.2000) (citations and quotation marks omitted). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." Davidson v. Scully, 172 F.Supp.2d 458, 461 (S.D.N.Y.2001). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.' " Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). "To these ends, a request for reconsideration under Rule 6.3 must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." RST (2005) Inc. v. Research in Motion

Ltd., 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995)).

This Court has already denied the Defendants' motion for reconsideration "[f]or the reasons stated in the plaintiffs' response, see ECF No. 42," and because "the defendants did not raise any argument in their motion that the Court had not already considered and rejected." (ECF No. 44). The Plaintiff respectfully requests that the Court find that the Defendants' motion for reconsideration in this case was made in bad faith and that it was completely without merit and, accordingly, impose the sanctions requested herein pursuant to 28 U.S.C. § 1927.

III. **THE DEFENDANTS DISREGARDED A CLEAR ORDER OF THIS COURT**

Contrary to the Defendants' contentions in their August 22, 2016 letter request for a stay (ECF No. 45 at page 2), their sanctionable conduct in this litigation is not limited to the filing of the meritless motion for reconsideration. Notably absent from the Defendants' August 22nd letter is any acknowledgment or mention of their clear disregard for this Court's Order at the June 30, 2016 conference to provide more information regarding Officer Kessler's anticipated testimony. (Hearing Transcript, ECF No. 30 at Ex. 1, pages 12-13).

Federal Rule of Civil Procedure 37(b) permits sanctions for a failure to comply with discovery orders. A district court may order "the disobedient party, the attorney advising that party, or both to pay reasonable expenses, including attorney's fees, caused by the failure [to comply with discovery orders], unless the failure was substantially justified or other circumstances make an award of expenses unjust." Mahoney v. Yamaha Motor Corp. U.S.A., 290 F.R.D. 363, 367 (E.D.N.Y. 2013) (citing Fed.R.Civ.P. 37(b)(2)(C); Roadway Express, Inc. v. Piper, 447 U.S. 752, 763, 100 S.Ct. 2455, 2462, 65 L.Ed.2d 488 (1980)).

The Defendants cannot seriously dispute that at the June 30, 2016 hearing in this matter, the Court made explicit, detailed, on-the-record Orders with regard to the issue of Officer Kessler's anticipated testimony.  (Hearing Transcript, ECF No. 30, Ex. 1, page 12, lines 16-19). Specifically, the Court Ordered the Defendants to do the following:

> So, I guess in the first instance I am going to direct that the city provide a written statement of what this witness' testimony is intended for. That should be detailed beyond what you have said to me today. It should not be he is going to talk generally about the policy. I want to know exactly what it is that he is going to be testifying to, and so that will at least give plaintiff an idea of what the purpose is of this witness.

Transcript, Id., page 13, lines 3-10.  The Court also suggested that the Defendants provide this information in the form of an affidavit from Kessler.  Id. at page 12, line 19.

Rather than take advantage of the opportunity provided by the Court to provide supplemental information about Officer Kessler's testimony, the Defendants provided an unsworn letter from Ms. Sampale. (Defendants' July 8, 2016 Letter, ECF No. 28, Ex. 1). In this letter, Ms. Sample provided no further information beyond that which Defendants' had already provided in their June 10, 2016 disclosure of Officer Kessler and at the June 30, 2016 conference. Instead, the Defendants cryptically advised the Plaintiff to "be guided accordingly." (Id.).  The Court took note of this fact in the Court's August 17th Order:

> **For the reasons stated in the plaintiffs' response**, see ECF No. 42, the motion is DENIED. Further, the defendants did not raise any argument in their motion that the Court had not already considered and rejected.

ECF No. 44 (emphasis added).

In his response to Defendants' motion for reconsideration, Plaintiff noted, not only that the Defendants had failed to meet the standard for Local Rule 6.3, but also that the Defendants failed to comply with a clear Order of this Court to provide more information regarding Officer

Kessler's anticipated testimony. (ECF No. 42 at page 9).  Accordingly, the Plaintiff respectfully requests that the Court issue sanctions pursuant to Rule 37 of the Federal Ruled of Civil Procedures, by awarding counsel's fees requested herein.

IV.   **COUNSEL'S RATE**

In determining the amount of a fee award, district courts calculate the "presumptively reasonable fee." Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 172 (2d Cir. 2009). The starting point for determining the presumptive reasonable fee is the "lodestar" amount, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." Gaia House Mezz LLC v. State Street Bank & Trust Co., No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting Millea v. Metro–North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011)).

A reasonable hourly rate is ordinarily determined by the prevailing rates "for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984); see Reiter v. MTA New York City Transit Authority, 457 F.3d 224, 232 (2d Cir. 2006) (stating that the court must use current, prevailing rates for that court's district); Brady v. Wal-Mart Stores, Inc., 455 F. Supp. 2d 157, 214 (E.D.N.Y. 2006) (recognizing that "the law of this circuit" is to "use [ ]current rates in the lodestar"), aff'd, 531 F.3d 127 (2d Cir. 2008). A court may rely upon its own knowledge of private firm hourly rates in deciding what reasonable rates are in the community. See Miele v. N.Y. State Teamsters Conf. Pension & Ret. Fund, 831 F.2d 407, 409 (2d Cir. 1987).

As the Court noted in Blum, "Congress directed that attorney's fees be calculated according to standards currently in use under other fee-shifting statutes: 'It is intended that the amount of fees awarded under [§ 1988] be governed by the same standards which prevail in

other types of equally complex Federal litigation, such as antitrust cases.'" <u>Blum</u>, 465 U.S. at 893 (quoting S. Rep. No. 94-1011, p. 6 (1976)).

<u>Perdue</u> describes a reasonable fee, set at the "prevailing market rates in the relevant community," as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." <u>Perdue</u>, 559 U.S. at 552 (citations omitted).

Plaintiff respectfully requests that the Court find Ms. Massimi's hourly rate of $350.00 to be reasonable and appropriate. <u>See</u> <u>Barfield v. New York City Health & Hosps. Corp.</u>, No. 05 Civ. 6319 (JSR), 2006 WL 2356152, at *1 (S.D.N.Y. Aug. 11, 2006) (Rakoff, J.) (finding, ten years ago, $350 an hour reasonable for solo practitioner admitted to bar for five years), <u>aff'd</u> 537 F.3d 132, 139 (2d Cir. 2008); <u>Rodriguez v. McLoughlin</u>, 84 F.Supp.2d 417, 423 (S.D.N.Y.1999) (seventeen years ago, rate of $240 per hour reasonable for fifth-year associate at large firm involved in civil rights case); <u>Lizondro–Garcia v. Kefi LLC</u>, No. 12 Civ. 1906, 2015 WL 4006896, at *7 (S.D.N.Y. July 1, 2015) (awarding a fourth-year associate and a fifth-year associate rates of $300 per hour, per person, in a suit brought pursuant to the Federal Labor Standards Act); <u>Abdell v. City of New York</u>, No. 05 Civ. 8453, 2015 WL 898974, at *3, *4 (S.D.N.Y. Mar. 2, 2015) (awarding $350 per hour for associates in a Section 1983 litigation); <u>Rosado v. City of New York</u>, No. 11 Civ. 4285, 2012 WL 955510, at *5 (S.D.N.Y. Mar. 15, 2012) (awarding an associate with nine years of general experience, and three years of experience with civil rights litigation, a rate of $350 per hour); <u>DeCurtis v. Upward Bound Int'l, Inc.</u>, No. 09 CIV. 5378 RJS, 2011 WL 4549412, at *8 (S.D.N.Y. Sept. 27, 2011) ("Consistent precedent in the Southern District reveals that rates awarded to experienced civil rights attorneys over the past ten years have ranged from $250 to $600, and that rates for associates have ranged from $200 to $350, with average awards increasing over time."). In using rates as guidance,

Courts accept "the obvious proposition that billing rates continue to increase over time." <u>Wise v. Kelly</u>, 620 F. Supp. 2d 435, 447 (S.D.N.Y. 2008).  Courts may consider the size of the firm and its overhead costs when setting a fee.  <u>Id</u>.

Plaintiff respectfully submits that the fees sought on behalf of counsel are reasonable. Ms. Massimi has been litigating this case against three attorneys from the New York City Law Department (Massimi Dec. at ¶¶ 14-19); she is in her sixth year of practice (Massimi Dec. at ¶¶ 4-6); and has devoted that majority of that time to the representation of Plaintiffs in civil rights matters.  (Massimi Dec. at ¶¶ 5-6, 12).  Moreover, Ms. Massimi was previously awarded an hourly rate of $225.00 two years ago in this District on a case she was litigating under the supervision of a partner at a smaller firm located in Brooklyn.  Presently, Ms. Massimi is employed at a law firm with twelve attorneys, located in Manhattan.   (Massimi Dec. at ¶ 7)

## CONCLUSION

For the reasons set forth above and in accompanying declaration of Jessica Massimi, and the exhibits attached thereto, the Plaintiff respectfully requests fees and costs in the amount of $8,137.50.  The Plaintiff thanks the Court for its time and consideration.

Dated: New York, New York
      August 29, 2016

                           Respectfully submitted,
                           **LAW OFFICES OF MICHAEL S.**
                           **LAMONSOFF, PLLC**
                           *Counsel for the Plaintiff*
                           /S/
          By:    JESSICA MASSIMI (JM-2920)
                           32 Old Slip, 8th Floor
                           New York, New York 10005
                           (212) 962-1020

cc:    Suvarna Sampale, Senior Counsel (By ECF and Regular Mail)
        Carolyn Depoian, Senior Counsel (By ECF and Regular Mail)
        Rachel Seligman Weiss, Senior Counsel (By Email and Regular Mail)