**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 9-29-16

------------------------------------------------------ x

**JUNIOR GOLDING,**                                  :

                      **Plaintiff,**           :

              -against-                  :

**THE CITY OF NEW YORK, et al,**                      :

                **Defendants.**          :

------------------------------------------------------ x

**15-cv-3498**

**OPINION AND ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Before the Court are Defendants' objections to two decisions by Magistrate Judge Sarah Netburn, to whom this case was previously referred for general pretrial supervision. Defendants object first to a decision precluding the testimony of New York City Police Officer Timothy Kessler. Defendants object second to a decision requiring them to pay excess attorneys' fees reasonably incurred by Plaintiff because of Defendants' "unreasonabl[e] and vexatious[]" multiplication of the proceedings. For the reasons stated below, Defendants' objections regarding Officer Kessler's testimony are overruled, and Defendants' objections regarding the attorneys' fees are dismissed without prejudice.

## BACKGROUND

Plaintiff initiated this action on May 5, 2015. (Compl., ECF No. 1.) As is relevant here, Plaintiff alleges that on December 29, 2013, Plaintiff was driving in the Bronx when he was pulled over by New York City Police Department officers, accused of driving under the influence of alcohol, and transported to a nearby precinct. (Compl. ¶¶ 13-20.) Once at the precinct, Plaintiff was subjected to a breathalyzer test, which revealed that Plaintiff did not meet the standard for driving under the influence. (Compl. ¶ 22.) Nevertheless, Plaintiff was not

1

released and was charged with Reckless Endangerment and Reckless Driving. (Compl. ¶ 23.) He remained in custody for 24 hours. (Compl. ¶ 24.) All charges against him were dismissed on March 24, 2015. (Compl. ¶ 26.)

After Plaintiff filed suit, the parties were referred to mediation pursuant to Local Rule 83.10. (*See* ECF Entry dated May 5, 2016.) The parties failed to reach an agreement through mediation. (ECF No. 6.) This Court then referred the case to Magistrate Judge Sarah Netburn, for the purposes of general pretrial supervision, including discovery. (ECF No. 7.)

Judge Netburn initially set May 16, 2016, as the closing date for all discovery. (ECF No. 11.) She later extended the closing date with respect to both expert and fact discovery to June 30, 2016. (ECF No. 20.) In that decision, she noted, "Part of what separates the parties . . . is the validity of breathalyzer tests administered twice on the plaintiff with materially different results." (*Id.*) Though she observed that Plaintiff should have recognized the need for an expert earlier, she extended discovery, permitting Plaintiff to file an expert report by May 18, 2016, and Defendants to file a rebuttal expert report by June 10, 2016. (*Id.*) All expert depositions were to be completed by June 30, 2016. (*Id.*)

On June 10, 2016, Defendants identified Officer Timothy Kessler as a lay witness who would testify as to "knowledge regarding NYPD D.W.I. procedures and the operation and administration of Breathalyzers by police." (ECF No. 21-2). On June 20, 2016, Plaintiff filed a letter motion seeking to preclude Officer Kessler from testifying at trial, on the grounds that he had not been disclosed as an expert and could not testify as a lay witness because he lacked personal knowledge of the incident involving Plaintiff. (ECF No. 22; *see also* June 30, 2016, Hr'g Tr. ("Tr."), ECF No. 34, 5:21-6:4.) At a conference held June 30, 2016, Judge Netburn ordered Defendants to submit a statement further explaining the scope of Officer Kessler's

testimony. (Tr. 13:3-13:14.) She also granted Plaintiff permission to file a motion to preclude

Officer Kessler's testimony. (Tr. 13:3-13:14.)

By letter dated June 28, 2016, Defendants described Officer Kessler's testimony as

follows:

> We anticipate that Officer Kessler will testify about the operation and administration of Breathalyzer machines by the New York City Police Department, including the S-D2 and Intoxilyzer 5000EN. His testimony will include, but is not limited to, the purpose behind the NYPD's use of these machines, how these machines work, under what circumstances these machines record certain readings, and an explanation about what these readings mean.

(ECF No. 28-1.) On July 12, 2013, Plaintiff filed a motion to preclude Officer Kessler from

testifying or offering evidence at trial, arguing that Defendants proffered him as an expert

witness in lay witness clothing. (ECF Nos. 27, 28.) Defendants opposed that motion, arguing that

Officer Kessler was a proper lay witness. (ECF No. 29.) On July 28, 2016, Judge Netburn

granted Plaintiff's motion to preclude Officer Kessler from testifying, describing his anticipated

testimony as "paradigmatic scientific testimony, well beyond the experience of the average

juror." (July 28, 2016, Order, ECF No. 34, 4-5.)

Defendants filed a motion for reconsideration. (ECF No. 40.) In addition to moving for

reconsideration of the decision precluding Officer Kessler from testifying as a lay witness,

Defendants also argued that Officer Kessler should be permitted to testify as a non-retained

expert. (Mem. Reconsider, ECF No. 41, 6.) Plaintiff opposed the motion for reconsideration.

(ECF No. 42.) In his opposition, filed August 15, 2016, Plaintiff also sought attorney's fees

pursuant to 28 U.S.C. § 1927, arguing that Defendants had unreasonably multiplied proceedings

by filing the motion for reconsideration. (*Id.*) By Order dated August 17, 2016, Judge Netburn

denied Defendants' motion to reconsider her decision precluding Officer Kessler's testimony.

(Aug. 17, 2016, Order, ECF No. 44.) By the same Order, she ordered that defendants pay the

excess costs, expenses, and attorney's fees reasonably incurred by the plaintiffs in responding to the motion to reconsider. (*Id.*) Defendants object to both of those decisions.

## LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 72(a), when a magistrate judge enters an order on a nondispositive pretrial matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also Thomas E. Hoar v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) (pre-trial discovery issues are generally considered non-dispositive matters). A finding is "clearly erroneous" when "on the entire evidence, the district court is left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie,* 532 U.S. 234, 243 (2001) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948)) (internal quotation marks omitted). A finding is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Thompson v. Keane,* No. 95 Civ. 2442 (SHS) (AJP), 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996) (quoting *Securities and Exchange Comm'n v. Thrasher,* No. 92 Civ. 6987 (JFK), 1995 WL 456402 at *12 (S.D.N.Y. Aug. 2, 1995)) (internal quotation marks omitted).

## DISCUSSION

### I.   Officer Kessler's Testimony

Defendants first challenge Judge Netburn's decision precluding the testimony of Officer Kessler. As Defendants have explained, Officer Kessler would testify about:

> the operation and administration of Breathalyzer machines by the New York City Police Department, including the S-D2 and Intoxilyzer 5000EN. His testimony will include, but is not limited to, the purpose behind the NYPD's use of these machines, how these machines work, under what circumstances these machines record certain readings, and an explanation about what these readings mean.

(ECF No. 29, 2.)

Defendants argue that Judge Netburn erred in excluding Officer Kessler's testimony because she should have determined that he was a lay witness, rather than an expert witness, or in the alternative, because his testimony should be permitted as non-retained expert testimony. Neither of these arguments is persuasive.

### a.  Lay Witness Testimony

First, Defendants argue that Judge Netburn erred by finding that Officer Kessler was an expert witness and excluding his testimony because he was not timely disclosed as an expert.

Under Rule 701 of the Federal Rules of Evidence, lay opinion testimony is permissible only if it is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.'" Fed. R. Evid. 701. An opinion is "based on rational perception" where it is "*both* (a) based on the witness's first-hand perceptions *and* (b) rationally derived from those first-hand perceptions." *United States v. Kaplan*, 490 F.3d 110, 119 (2d Cir. 2007) (citation omitted). An opinion is not based on specialized knowledge where it is "the product of reasoning processes familiar to the average person in everyday life." *Id.* at 118 (citation omitted).

In her July Order, Judge Netburn concluded that Officer Kessler's proffered testimony regarding "how these machines work" and "under what circumstances these machines record certain readings," was "paradigmatic scientific testimony, well beyond the experience of the average juror." (July 28, 2016, Order, 5.) Defendants take issue with this conclusion, arguing that Officer Kessler did not receive any scientific training and "the average person in everyday life could easily obtain" knowledge of Breathalyzers "by simply reading much of the publicly available literature on this topic." (Def.'s Obj., ECF No. 53-1, 7; Def.'s Reply, ECF No. 58, 3.)

But Rule 701 bars lay opinion testimony based not only on scientific knowledge, but also on "technical or other specialized knowledge." Fed. R. Evid. 701. Whether or not Officer Kessler received scientific training is immaterial. As to whether the testimony constitutes non-scientific "specialized knowledge," the Court must consider not whether the average person in everyday life *could* obtain the knowledge in question, but whether the average person in everyday life is in fact familiar with it. *Kaplan*, 490 F.3d at 118. This Court agrees with Judge Netburn's assessment: knowledge of how breathalyzers function is beyond the experience of the average juror, and thus, Judge Netburn did not commit clear error or rule contrary to law in precluding Officer Kessler from testifying as a lay witness.

Because this Court agrees that Officer Kessler's testimony does not meet the third prong of Rule 701, it need not address at any great length Defendants' contention that Officer Kessler's testimony meets the first prong of Rule 701, requiring that lay opinion testimony be rationally based on the witness's perception. The Court does note briefly, however, that though Defendants state in their objections that "Officer Kessler had observed plaintiff taking a Breathalyzer test at the precinct," (Def.'s Obj., 7) they do later admit that Officer Kessler "has knowledge of the Breathalyzer tests administered to plaintiff on the date of his arrest because there is a video recording of plaintiff taking the Breathalyzer test and other intoxicated driver tests at the precinct." (Def.'s Reply, 4.) Whether this constitutes a rational perception, *i.e.* whether it is "based on the witness's first-hand perceptions," *Kaplan*, 490 F.3d at 119, is questionable at best.

In sum, Judge Netburn's decision precluding Officer Kessler from testifying as a lay witness was neither clearly erroneous nor contrary to law, and Defendants' objections to that decision are overruled.

b. **Expert Witness Testimony**

In the alternative, Defendants argue that Judge Netburn erred by not permitting Officer Kessler to testify as an expert. However, Judge Netburn never ruled on whether Officer Kessler could testify as an expert—perhaps because Defendants first raised the argument that he should be permitted to testify as a non-retained expert in their motion to reconsider. (*See* Mem. Reconsider, 6.)

Thus, this argument is not properly before this Court. "A party's failure to present timely arguments . . . to a magistrate judge prior to the magistrate's ruling, thereby depriving the magistrate of the opportunity to rectify any alleged errors, waives that party's right to present those arguments or materials to the district court on appeal from the magistrate's nondispositive order." *Grand River Enterprises Six Nations, Ltd. v. King*, No. 02 Civ. 5068 (JFK), 2009 WL 1360686, at *3 (S.D.N.Y. May 15, 2009); *see also Auto. Club of New York, Inc. v. The Port Auth. of New York & New Jersey*, No. 11 Civ. 6746 (RKE), 2015 WL 3404111, at *6 (S.D.N.Y. May 27, 2015). Prior to Judge Netburn's July 28, 2016, Order, Defendants failed to raise any argument that Officer Kessler should be permitted to testify as an expert, and in fact, they argued to the contrary. (*See, e.g.*, Tr. 4:4-7, 7:22-24, 10-11 (referring to Kessler as a "fact rebuttal witness.")

The fact that Defendants raised this argument in their motion to reconsider in front of Judge Netburn does not save it, as the argument was improperly before Judge Netburn at that time: "A party is barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed." *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277, 315 (S.D.N.Y. 2013) (citation and alterations omitted). Because Defendants never properly presented their argument

that Officer Kessler should be permitted to testify as an expert to Judge Netburn, they may not

present that argument here and their objection is overruled.

**II.      Attorneys' Fees**

As noted above, Defendants also object to Judge Netburn's decision awarding Plaintiff

attorneys' fees. However, Judge Netburn has not yet entered an award of attorney's fees. (*See*

ECF Nos. 46, 48, 57, 59.) Accordingly, the Court dismisses without prejudice Defendants'

objection to the decision awarding attorneys' fees, with leave to refile once Judge Netburn has

determined the award. *See Discon. Inc. v. NYNEX Corp.*, 4 F.3d 130, 132 (2d Cir. 1992)

(sanctions order not final for purposes of appellate review until amount of sanctions is

determined).

## CONCLUSION

For the reasons stated above, Defendants' objections are overruled in part and dismissed

without prejudice in part. The Clerk of Court is respectfully directed to terminate ECF No. 54.

**SO ORDERED.**

**Dated**:      September 27, 2016
               New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**

8