**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

JUNIOR GOLDING, et al.,

                                        Plaintiffs,

                    -against-

CITY OF NEW YORK, et al.,

                                        Defendants.

-----------------------------------------------------------------X

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____           │
│ DATE FILED: __ 11/4/2016 __      │
└─────────────────────────────────┘
```

**15-CV-03498 (ALC)(SN)**

<u>**OPINION & ORDER**</u>

**SARAH NETBURN, United States Magistrate Judge:**

        The Court assumes familiarity with the facts in this case. Following a decision on plaintiffs' motion to preclude Officer Kessler from testifying as a witness for defendants, defendants moved for reconsideration. Their motion raised substantially the same arguments raised in defendants' opposition, and the Court concluded that defense counsel had multiplied the proceedings "unreasonably and vexatiously," and should be made to pay "the excess costs, expenses, and attorney's fees reasonably incurred" by the plaintiffs in responding to the motion. 28 U.S.C. § 1927. Plaintiffs have now submitted a motion for attorney's fees, seeking $9,922.50 for 28.35 hours spent responding to the motion for reconsideration, opposing defendants' application to stay this attorney's fee motion, and for submitting the fee application.

        Defendants oppose any fee award. They contend that their motion for reconsideration was made in good faith because preclusion would be prejudicial to defendants' case. While that is plainly so, a desired different outcome is not a basis to move for reconsideration. Defendants' motion for reconsideration was based on two arguments: the first was raised and rejected below;

and the second was raised for the first time on reconsideration. Neither presented a legitimate basis for continuing to litigate the issue before me.[1]

Under Eisemann v. Greene, in order to award monetary fees and sanctions for filing a motion for reconsideration, a court must make "sufficiently specific factual findings" to support its conclusion that the motion was "entirely without color and … taken for reasons of harassment or delay or for other improper purposes." 204 F.3d 393, 396-97 (2d Cir. 2000); see also Davey v. Dolan, 292 F. App'x 127, 128 (2d Cir. 2008) (an award of attorney's fees must be justified by a specific finding of "conduct constituting or akin to bad faith"); In re Khan, 593 F. App'x 83, 85-86 (2d Cir. 2015) (bankruptcy court made specific finding to justify sanctions when it noted "general pattern of groundless litigation" and "frivolous, obstructive objections to the bankruptcy system"); compare Wolters Kluwer Fin. Servs., Inc. v. Scivantage, 564 F.3d 110, 114 (2d Cir. 2009) (holding that the district court had not made an adequate finding of bad faith as to a party's voluntary dismissal filing by including only a footnote in its conclusion that misstated the law on imputing bad faith). For the reasons below, the Court reaffirms its views that the motion for reconsideration was "entirely without color" and brought for the improper purpose of delaying the litigation, and plaintiff is due her fees for responding to unnecessary motion practice.

Defendants' motion for reconsideration was not colorable for two reasons. First, defendants renewed their argument that Officer Kessler was a lay witness, subject to Federal Rule of Evidence 701(a), and not an expert witness, subject to Rule 702. Defendants challenged the Court's finding that Officer Kessler's proffered testimony would be expert in nature by

---

[1] It bears emphasizing that the Court is not imposing sanctions for defendants' Rule 72 objection of the preclusion order to the District Judge. Defendants are not faulted for seeking to convince the District Judge that my decision was "clearly erroneous or contrary to law." Rather, it was defendants' strategic decision to move for reconsideration before me without a good faith basis that is the grounds for sanctions.

claiming that his testimony regarding the "purposes of [breathalyzer] tests, the functions of the instruments and the meaning of the readings they gave" would "not [be] based on scientific, technical, or other specialized knowledge, but is instead, knowledge that the average person in everyday life could easily obtain by simply reading much of the public[ly] available literature on this topic." ECF 41 at 5-6. In addition to these same arguments having been raised previously, they are absurd on their face. The fact that a lay person could read up on the science of breathalyzer tests does not make testimony about such complex technology any less deserving of expert qualifications. Thus, in addition to not identifying facts or decisions that the Court had overlooked, defendants' argument was lacking in merit.

Second, defendants argued on reconsideration that the Court could permit Officer Kessler to testify as a non-retained expert under Rule 26(a)(2)(C). Expert witnesses disclosed under this section do not have to provide a written report. Instead, they must provide disclosures in which the witness states "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. Pro. 26(a)(2)(C)(i) and (ii). Officer Kessler was not previously proffered under this Rule and that alone would have been a basis to deny the motion for reconsideration. See Koehler v. Bank of Bermuda, Ltd., No. M18-302 (CSH), 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005) ("a motion for *reconsideration* cannot assert new arguments or claims which were not before the court on the original motion and consequently cannot be said to have been *considered*" (emphasis in original)); Richard Feiner and Co., Inc. v. BMG Music Spain, No. 01 Civ. 0937 (JSR), 2003 WL 21496812, at *1 (S.D.N.Y. June 27, 2003) (finding that plaintiff's new arguments were "not cognizable on a motion for reconsideration" without an explanation as to why the arguments were not raised previously). But on the merits,

this argument fails too. Officer Kessler never offered a summary of the facts and *opinions* to which he would testify, despite the Court granting him the opportunity to do so. Instead, defense counsel wrote that Officer Kessler would testify about the "operation and administration of Breathalyzer machines," and "the purpose behind the NYPD's use of these machines, how these machines work, under what circumstances these machines record certain readings, and an explanation about what these readings mean." No opinion testimony was offered and the Court properly rejected Officer Kessler as a Rule 26(a)(2)(C) witness.

In addition, defendants' motion for reconsideration was brought for the improper purpose of delaying the litigation. Defendants did not disclose Officer Kessler as part of their Rule 26(a) disclosures—instead, he was disclosed on June 10, 2016, the date set for defendants' rebuttal expert disclosures (with only 20 days remaining for discovery). Defendants clarified that Officer Kessler would be called as a fact witness, not an expert witness. If defendants genuinely believed Officer Kessler was a fact witness, there is no excuse for such a late disclosure (and no need for the serendipity of disclosing him on the date of expert disclosures). Moreover, this action, which involves the validity of two inconsistent NYPD breathalyzer tests taken within a few hours, has always required an expert witness to opine on the complex technology of how a breathalyzer test works. The Court recognized this necessity for an expert witness at the December 14, 2015 initial pretrial conference. For whatever economic or strategic reasons, defendants decided not to retain an expert and comply with Rule 26 disclosures. Their attempt to introduce critical testimony about the breathalyzer tests through a late-disclosed fact witness was improper. The Court did not, however, foreclose this avenue without giving defendants ample opportunity to demonstrate why it was fair to characterize Officer Kessler as a fact witness, including the chance to proffer his testimony. When they failed to convince me that Officer Kessler's

testimony was not inherently based on "scientific, technical, or other specialized knowledge," Fed. R. Evid. 702, defendants should have appealed to the District Judge. The motion for reconsideration merely repeated prior arguments (or raised entirely new arguments), and delayed the trial in this case.

Plaintiff's counsel seeks fees awarded based on a $350 per hour rate. Counsel is an associate at The Law Offices of Michael S. Lamonsoff, PLLC, a 12-lawyer law firm in Manhattan. She is a 2010 law graduate, and was admitted to practice in New York in June 2011. Counsel discloses that when she worked at a commercial litigation firm, from 2015-2016, her clients paid $300/hour for her work, and that in 2014, when she was at a smaller firm based in Brooklyn, a district judge in this District set her rate at $225/hour.

The Court concludes that a rate of $300/hour is an appropriate rate for a sixth year associate working at a small civil rights law firm in Manhattan. This rate comports with decisions in this District. See Wong v. Hunda Glass Corp., No. 09 Civ. 4402 (RLE), 2010 WL 3452417, at *3 (S.D.N.Y. Sept. 1, 2010) ("the range of fees in this District for civil rights and employment law litigators with approximately ten years' experience is between $250 per hour and $350 per hour"); Adorno v. Port Authority of N.Y. and N.J., 685 F. Supp. 2d 507, 513-14 n.2 (S.D.N.Y. 2010) ("Consistent precedent in the Southern District reveals that rates awarded to experienced civil rights attorneys over the past ten years have ranged from $250 to $600, and that rates for associates have ranged from $200 to $350, with average awards increasing over time." (internal citations and quotation marks omitted)); De Los Santos v. Just Wood Furniture, Nos. 7:05-cv-9369 (WWE) and 7:06-cv-5749 (WWE), 2010 WL 445886, at *3 (S.D.N.Y. Feb. 2, 2010) (finding that a rate of $250 per hour to $350 per hour was reasonable for an employment attorney); Rozell v. Ross–Holst, 576 F. Supp. 2d 527, 545-46 (S.D.N.Y. 2008) (applying hourly

rates of $350 for senior associates and $250 for junior associates in a case where plaintiff was represented by "one of the outstanding firms representing plaintiffs in employment cases").

Plaintiff's counsel seeks to apply this rate to 28.35 hours of work. She asserts that 13 hours were spent opposing the motion for reconsideration, 1.5 hours were spent opposing the motion for a stay, and 13.85 hours were spent on this fee application. These numbers shall be reduced to reflect a more reasonable number of hours, especially in light of the Court's conclusion that the defendants largely rehashed their arguments in the motion for reconsideration. The time entries also reflect "block entries" or billing a large number of hours for multiple tasks, which impedes the Court's ability to evaluate the reasonableness of the time spent on any of the listed activities. See Berry v. Deutsche Bank Trust Co. Am. et al., 632 F. Supp. 2d 300, 306 (S.D.N.Y. 2009). This District has allowed reductions based on block billing. See Miroglio S.P.A. v. Conway Stores, Inc., 629 F. Supp. 2d 307, 313-14 (S.D.N.Y. 2009). Accordingly, the Court awards counsel for 10 hours spent on the motion for reconsideration, 1.5 hours for the stay opposition, and 10 hours for the fee application, for a total of 21.5 hours.

Defendants shall, within 14 days, pay counsel $6,450, pursuant to 28 U.S.C. § 1927.

The Clerk of Court is instructed to terminate the motion docketed at ECF No. 48.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:     New York, New York
           November 4, 2016

6